IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| NANCY LOVO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO: _____ |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Nancy Lovo, files this complaint against the United States of America as

follows:

## JURISDICTION

1.

This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §1346(b),

§2671-80, as hereinafter more fully applies.

2.

Plaintiff Nancy Lovo is 72 years old and a resident of Naples, Florida.  She brings

this action for injuries and damages allegedly sustained as a result of the acts and omissions of

one or more employees of the United States government acting within the scope of his / her

office or employment at the pharmacy which is a part of Eisenhower Army Medical Center.

3.

Pursuant to 28 U.S.C.§2675(a), the claim set forth herein was presented to the

Department of the Army on or about July 25, 2016. More than six months has elapsed, and said

department / agency has failed to make a final disposition of the claim. Plaintiff deems such

failure to be a denial of her claim entitling her to bring this action for redress.

4.

Service upon the defendant is made by delivering a copy of the Summons and Complaint

to the United States Attorney for the Southern District of Georgia via registered or certified mail

to the Civil Process Clerk, Office of U.S. Attorney, Post Office Box 2017, Augusta, Georgia

30903; and a copy of the Summons and Complaint to the Attorney General of the United States

via registered or certified mail, U.S. Department of Justice, 950 Pennsylvania Avenue, NW,

Washington, D.C. 20530-0001.

**VENUE**

5.

Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C.§ 1402(b)

because the alleged acts and omissions giving rise to Plaintiff's claims occurred within the

Southern District of Georgia, Augusta Division.

**FACTS GIVING RISE TO CLAIM**

6.

Plaintiff incorporates the allegations contained in paragraphs one through five as if fully

set forth herein.

7.

Prior to October 2015, Plaintiff was a 70 year-old widow living in Naples, Florida, whose

medical history included hypertension (high blood pressure) and chronic kidney disease.

2

8.

In October 2015, Plaintiff relocated to Augusta, Georgia to live with her daughter whose husband was stationed at Fort Gordon.

9.

After relocating to the Augusta area, Plaintiff began to establish new physicians and saw Dr. Bie Etinge on October 22, 2015. Dr. Etinge established her as a new patient and wrote prescriptions for medications she was to continue while in the Augusta area.

10.

Included in the medication prescriptions written by Dr. Etinge was one of Plaintiff's blood pressure medications, labetalol 200 mg tablet.

11.

On or about October 26, 2015, Plaintiff presented her medication prescriptions to the pharmacy at Eisenhower Army Medical Center to be filled in accordance with Dr. Etinge's instructions. Included within the prescriptions was Plaintiff's prescription for labetalol 200 mg.

12.

The pharmacy technician, Sophia Williams, and pharmacist, Michael Swindle, filled Plaintiff's prescriptions, including her prescription for labetalol 200 mg, and delivered to Plaintiff a bottle of pills labeled labetalol HCL, 200 mg, quantity 270.

13.

Unknown to Plaintiff, the pills dispensed to Plaintiff by the pharmacy technician and pharmacist at Eisenhower Army Medical Center were not labetalol, but lamictal.

14.

Lamictal, whose generic name is lamotrigine, is an anti-epileptic medication and anticonvulsant used alone or in combination with other medications to treat epileptic seizures in adults and children and also used to delay mood episodes in adults with bi-polar disorder (manic depression).

15.

The medication dispensed by employees at the Eisenhower Army Medical Center pharmacy on October 26, 2015 was not labetalol 200 mg but was lamotrigine 200 mg manufactured by Cadista.

16.

Upon completion of her existing supply of labetalol brought from Florida, Plaintiff began taking the medication dispensed to her by the Eisenhower pharmacy under the assumption and belief that it also was labetalol 200 mg.

17.

After consuming the misfilled medication, Plaintiff began to exhibit neurological symptoms including dizziness, blurred vision, and mental status changes. She also began to experience uncontrolled hypertension and hypertensive emergencies requiring emergency medical treatment and hospitalizations.

18.

With each hospitalization, healthcare providers were able to bring her blood pressure under control but were unable to determine the cause of her acute hypertensive episodes and neurological symptoms.

19.

After each hospitalization, Plaintiff would return home and begin taking the misfilled medication from the Eisenhower pharmacy thinking it was labetalol.  Unknown to her, she was taking lamotrigine.

20.

Without labetalol, Plaintiff's chronic kidney disease worsened from Stage 3 to Stage 4 requiring the placement of a renal artery stent on or about March 14, 2016.

21.

Without her proper medication, Plaintiff's blood pressure continued to spiral out of control causing even greater damage to her already compromised kidneys.

22.

As a result of taking lamotrigine, Plaintiff endured severe mental status changes, dizziness, and blurred vision.

23.

As a result of receiving the wrong medication from Defendant, Plaintiff sustained serious and permanent injuries and damages.

## **COUNT I**

Plaintiff incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

24.

At all times material, pharmacy assistant, Sophia Williams, and pharmacist, Michael Swindle, were employees or agents of the United States government, acting within the course

and scope of their employment. As set forth above, the employees of Defendant improperly and negligently filled Plaintiff's prescription for labetalol on or about October 26, 2015.

25.

The standard of care for pharmacists, generally and in like or similar circumstances, requires that a pharmacist appropriately dispense and/or oversee the dispensing of prescription medications to ensure that the correct medicine is identified, labeled, and dispensed to a patient such as Plaintiff.

26.

Pharmacist Michael Swindle, who oversaw the dispensing of labetalol to Plaintiff on or about October 26, 2015, deviated from the standard of care required of pharmacists generally and under like and similar circumstances by failing to provide Plaintiff with the proper medication as prescribed by her physician.

27.

As a result of Pharmacist Michael Swindle's deviation from the accepted standard of care, and through no fault of Plaintiff's, she unknowingly consumed medication that was not prescribed to her which produced life-threatening consequences, uncontrolled hypertension, and mental status changes, to name a few.

28.

Pharmacist Michael Swindle also deviated from the accepted standard of care of pharmacists in similar conditions and under like circumstances by failing to offer counseling to Plaintiff regarding her medications. As a proximate result of said deviation, Plaintiff sustained injuries and damages.

29.

Although an expert Affidavit pursuant to O.C.G.A. §9-11-9.1 is not required in federal court, in an abundance of caution, Plaintiff submits herewith the Affidavit of James W. Bartling, Pharm.D., attached hereto as "Exhibit 1" and incorporated by reference, setting for at least one act of professional negligence on the part of the pharmacist working for Defendant.

30.

As a proximate result of Defendant's negligence and deviation from the standard of care as outlined above and as outlined in the Affidavit attached hereto, Plaintiff experienced extreme and severe pain, suffering, and permanent injury and damages.

31.

As a proximate result of Defendant's negligence and deviation from the standard of care as outlined above, Plaintiff incurred medical expenses and out of pocket expenses and continues to incur medical expenses in an amount to be proven at trial.

WHEREFORE, Nancy Lovo respectfully prays for a judgment against the United States for all special and general damages to fully compensate her for injuries she sustained as a result of the negligence of the agents and employees of the United States pursuant to the Federal Tort Claims Act in the total amount of Two Million dollars ($2,000,000.00.) plus the costs of this action.

This 21st day of February, 2017.

/s/ *David P. Dekle*
DAVID P. DEKLE
Georgia Bar No: 216590
Attorney for Plaintiff

David P. Dekle, P.C.
3506 Professional Circle, Suite A
Augusta, Georgia 30907
Telephone: 706-922-7460 Fax: 706-243-4656
Email: ddekle@daviddeklelaw.com